# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2582

_____

Jamie N. Estes,                                    *
                                                   *
          Appellant,                               *
                                                   *   Appeal from the United States
    v.                                             *   District Court for the
                                                   *   Eastern District of Missouri.
Federal Express Corporation;                       *
Kemper National Services, Inc.;                    *
Federal Express Corporation Long                   *
Term Disability Plan,                              *
                                                   *
          Appellees.                               *

_____

Submitted: April 14, 2005
Filed: August 8, 2005

_____

Before WOLLMAN, HANSEN, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Jamie N. Estes (Estes) originally filed her lawsuit in the Circuit Court for the City of St. Louis, Missouri. After the defendants removed the lawsuit to federal court, the defendants filed a motion to dismiss Estes's state law claims, contending the claims are preempted under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461, and also requesting a court order directing Estes to file an amended complaint under ERISA. Estes opposed the motion, arguing her state law claims are not preempted because (1) she has established a prima facie case

for each claim under state law, and (2) she seeks damages rather than reinstatement of benefits under a long-term disability plan. The district court[1] determined "the crux of [Estes's] cause of action is the allegedly wrongful determination by the Plan Administrator that [Estes] was no longer 'totally disabled' under the terms of the subject plan, and consequently, no longer entitled to long-term disability benefits under the plan." The district court granted the motion to dismiss, but gave Estes leave to file an amended complaint.

On appeal, Estes argues the district court erred in dismissing her state law claims, because they do not "relate to" an ERISA employee benefit plan. We review de novo a district court's ruling that state common-law claims are preempted by ERISA. Daley v. Marriott Int'l, Inc., Nos. 04-2643/2651, 2005 WL 1712420, at *2 (8th Cir. July 25, 2005); see also Chapman v. Lab One, 390 F.3d 620, 623 (8th Cir. 2004). Estes's state law claims are preempted if the claims "relate to" an employee benefit plan, 29 U.S.C. § 1144(a), such that they "[1] ha[ve] a connection with or [2] reference to such a plan." Howard v. Coventry Health Care, of Iowa, Inc., 293 F.3d 442, 446 (8th Cir. 2002) (quoting California Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc., 519 U.S. 316, 324 (1997)). We have also stated a claim relates to an ERISA plan when it "premises a cause of action on the existence of an ERISA plan." Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., 154 F.3d 812, 822 (8th Cir. 1998). The plan administrator determined Estes no longer qualified as "totally disabled" under the ERISA plan and terminated her long-term disability benefits. Estes then filed state law claims founded exclusively on her challenge to the defendants' termination of those long-term disability benefits under the ERISA plan. Having reviewed the record, we are satisfied the district court correctly determined Estes's state law claims are preempted by ERISA.

---

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

Estes also argues the district court erred by prematurely deciding the defendants' affirmative defense of preemption. However, in their notice of removal, the defendants raised the doctrine of complete preemption, contending all of Estes's state law claims "fall within ERISA's civil enforcement scheme, 29 U.S.C. § 1132(a)(1)(B)." Estes was unmistakably placed on notice of the defendants' ERISA preemption contention.

"The doctrine of 'complete preemption' establishes more than a defense to a state-law claim." Chapman, 390 F.3d at 625. The Supreme Court has explained "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987) (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)). The district court did not act prematurely and did not err in addressing the ERISA preemption issue.

Finding no error, we affirm. See 8th Cir. R. 47B.

_____