James D. CLARK, Grant J. Deyonge, Clark Bros. Transfer, and Clark Bros. Employee Stock Ownership Plan, Plaintiffs,

v.

AMERITAS INVESTMENT CORP., Defendant.

No. 4:05CV3251.

United States District Court, D. Nebraska.

Dec. 27, 2005.

David A. Yudelson, Gregory C. Scaglione, John M. Lingelbach, Koley, Jessen Law Firm, Omaha, NE, for Plaintiffs.

David M. Williams, Lincoln, NE, Steven D. Davidson, Baird, Holm Law Firm, Omaha, NE, for Defendant.

## MEMORANDUM AND ORDER

PIESTER, United States Magistrate Judge.

## INTRODUCTION

Pending before me is the plaintiffs' motion for remand, filing 7. Defendant Ameri-

tas Investment Corporation ("Ameritas") timely removed this case to federal court pursuant to 28 U.S.C § 1441. Ameritas alleges that the plaintiffs' claims, as set forth in their amended complaint filed in state court, (see filing 1, attachment 1 (amended complaint)), are completely preempted by ERISA, and therefore this court has federal question subject matter jurisdiction. See 28 U.S.C. §§ 1331 and 1337.

Ameritas' notice of removal states:

This is an action arising from and relating to an employee benefit plan as described in 29 U.S.C. § 1003(a) and not exempt under 29 U.S.C. § 1003(b) and, as such, is subject to and governed by the Employee Retirement Income Securities Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, et seq. This action, as pled, falls within the integrated enforcement mechanism of 29 U.S.C. § 1132(a) and thus is completely preempted by ERISA. By virtue of the complete preemption doctrine, this Court has original jurisdiction over this lawsuit, which raises a federal question as it arises under the laws of the United States and under an Act of Congress regulating commerce. See, 28 U.S.C. § 1331 & 1337. Moreover, to the extent that this matter is brought under 29 U.S.C. § 1132(a)(2) and/or (3), 29 U.S.C. § 1132(e)(1) explicitly acknowledges this Court's exclusive jurisdiction over such actions. Given that this case is within

the original jurisdiction of this Court, removal is proper. 28 U.S.C. § 1441. Filing 1 (Notice of Removal) at p. 2 ¶ 5.[1]

The plaintiffs have moved to remand the case to the District Court of Douglas County, Nebraska. Filing 7. The plaintiffs' amended complaint seeks recovery from Ameritas for its alleged professional malpractice, negligent misrepresentation, and breach of contract in rendering an opinion as to the value of stock held in the Clark Bros. Employee Stock Option Plan. The plaintiffs argue that none of these claims seek recovery under ERISA, this court lacks subject matter jurisdiction, and the case must be remanded.

For the reasons discussed hereafter, I conclude this court lacks federal question subject matter jurisdiction and the case must be remanded to the District Court of Douglas County, Nebraska.

### THE PLEADINGS

▪ The allegations of the complaint existing at the time of removal control whether the plaintiffs' allegations are sufficient to establish federal question subject matter jurisdiction. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537–538, 59 S.Ct. 347, 83 L.Ed. 334 (1939); *Crosby v. Paul Hardeman, Inc.*, 414 F.2d 1, 3 (8th Cir. 1969). In this case the plaintiffs' complaint was amended before the action was removed, and the amended state court complaint was filed in this court upon removal. Therefore, the determination as to whether the court has federal question subject matter jurisdiction focuses on the

---

1. Ameritas has filed a Rule 12(b)(6) motion to dismiss the plaintiffs' complaint in its entirety on the basis of ERISA preemption. Filing 5 (motion to dismiss). Ameritas claims that the plaintiffs' amended complaint fails to state a claim upon which relief may be granted because the plaintiffs' state law causes of action relate to an ERISA plan, and are therefore preempted by ERISA. In opposing the motion

for remand and in moving to dismiss, Ameritas claims that under *Mertens v. Hewitt*, 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993) and *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004), the plaintiffs' claims against Ameritas, a non-fiduciary, do not exist. Filing 5 (motion to dismiss) at p. 1–2.

allegations of the plaintiffs' amended complaint. The amended complaint alleges:

The plaintiffs, James D. Clark and Grant J. Deyonge, were plan participants in the Clark Bros. Transfer Inc. Stock Option Plan ("ESOP"). They have also filed suit as the assignees of the ESOP itself, the ESOP beneficiaries and participants, and Clark Bros. Transfer, Inc. (the "Company"). Filing 1, attachment 1 (amended complaint) ¶¶ 1–3.

In their capacity as fiduciaries, trustees and members of the Administrative Committee of the ESOP and as directors and officers of the Company, the plaintiffs hired Ameritas to perform a valuation of the Clark Bros. Transfer Inc. stock held in the ESOP (the "Company stock"). Ameritas was paid in full for these services. Filing 1, attachment 1 (amended complaint) ¶¶ 4–10, 13.

Ameritas knew its valuation of the Company stock would be relied on when selling, buying, and redeeming the stock, and knew the ESOP was scheduled to be terminated effective December 31, 2002. However, it rendered stock valuation opinions which significantly undervalued the Company stock held by the ESOP. Filing 1, attachment 1 (amended complaint) ¶¶ 10–12.

In 2001 and 2002, the ESOP fiduciaries and trustees accepted Ameritas' stock valuation, and plan participants sold, and the Company redeemed stock in reliance upon the value placed on the Company stock by Ameritas. By March or April 2003, all the Company stock held by ESOP participants had been redeemed. Filing 1, attachment 1 (amended complaint) ¶¶ 14–17.

The Company was sold on February 17, 2004 for a price substantially higher than the amount paid to ESOP participants who sold their Company stock. The plan participants filed a class action ERISA suit against the plaintiffs for undervaluing the Company stock assets of the ESOP. See *Olsen et al v. Clark et al*, 8:04–CV–00106 (D.Neb. March 9, 2004). In the course of that suit, the plaintiffs learned that Ameritas' 2001 and 2002 stock valuations were defective and substantially undervalued the stock. The class action suit was settled. Filing 1, attachment 1 (amended complaint) ¶¶ 18–23.

The plaintiffs allege professional malpractice, negligent misrepresentation, and breach of contract claims against Ameritas for its conduct in undervaluing the Company stock held by the ESOP. They seek reimbursement of the amounts paid to Ameritas for its valuation services; reimbursement of attorney fees, expert fees, mediator fees, costs, and expenses incurred in defending and prosecuting the class action lawsuit; recovery of their economic losses related to the stock transactions of Clark, DeYonge and the plan participants; general damages; and interest. Filing 1, attachment 1 (amended complaint) ¶¶ 24–43.

■ Ameritas has filed evidence in opposition to the motion for remand (filing 15); the plaintiffs have objected to the defendant's evidence (filing 16), have also filed their own evidence in response to the defendant's proffer (filing 17). It is within the court's discretion to determine how to proceed on jurisdictional questions, and the court "may consider materials outside the pleadings such as depositions or affidavits in determining whether the record demonstrates lack of subject matter jurisdiction." *Satz v. ITT Financial Corp.*, 619 F.2d 738, 742 (8th Cir.1980). See also *Land v. Dollar*, 330 U.S. 731, 735 & n. 4, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); *Western Nebraska Resources Council v. Wyoming Fuel Co.*, 641 F.Supp. 128, 139 (D.Neb.1986) (Urbom.J.).

Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is

a substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims.

*Western Nebraska Resources,* 641 F.Supp. at 139.

Accordingly, I have reviewed the evidence submitted by Ameritas in support of its claim that this court has federal question subject matter jurisdiction. I have also reviewed the plaintiffs' counter-evidence. I conclude, however, that although the evidence submitted may be relevant to the pending Rule 12(b)(6) motion to dismiss or the merits of this case, it is not relevant to determining whether the plaintiffs' claims are completely preempted by ERISA. I shall therefore sustain the plaintiffs' objection to the evidence submitted by Ameritas, and I shall not discuss, refer to, or rely upon the evidence submitted by either the defendant or the plaintiffs as filings 15 and 17.

### LEGAL ANALYSIS

■ "A defendant may remove a state law claim to federal court when the federal court would have had original jurisdiction if the suit originally had been filed there." *Phipps v. F.D.I.C.* 417 F.3d 1006, 1010 (8th Cir.2005) (citing 28 U.S.C. § 1441(b)). See also, *City of Chicago v. International College of Surgeons,* 522 U.S. 156, 163, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997). As the party opposing remand, Ameritas bears the burden of establishing that federal subject matter jurisdiction exists over the plaintiffs' case. *Green v. Ameritrade, Inc.,* 279 F.3d 590 (8th Cir.2002). Where the defendant alleges federal preemption provides the authority to exercise federal jurisdiction over the case, if the defendant

proves that any claim within the plaintiffs' complaint is completely preempted by a federal statute, the defendant may remove the entire case to federal court, including any alleged state law claims arising from the same core of operative facts. See 28 U.S.C. § 1367; *City of Chicago,* 522 U.S. at 164, 118 S.Ct. 523; *Phipps,* 417 F.3d at 1010 (citing *Gaming Corp. of Am. v. Dorsey & Whitney,* 88 F.3d 536, 543 (8th Cir.1996)). However, all doubts as to the propriety of exercising federal jurisdiction over a removed case must be resolved in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cir.1997).

### A. FEDERAL PREEMPTION AS THE BASIS FOR FEDERAL QUESTION SUBJECT MATTER JURISDICTION.

■ Ameritas asserts that though couched as claims for recovery under Nebraska common law, the plaintiffs' claims set forth in the amended complaint actually arise under ERISA, and therefore, the court should exercise federal question jurisdiction over this action. As recently summarized in *Phipps:*

Removal based on federal question jurisdiction is usually governed by the "well-pleaded complaint" rule. *Krispin v. May Dep't Stores Co.,* 218 F.3d 919, 922 (8th Cir.2000). This rule provides that federal jurisdiction may be invoked "only where a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* The rule also "makes the plaintiff the master of the claim," allowing the plaintiff to "avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

*Phipps,* 417 F.3d at 1010.

■ An independent corollary to the "well-pleaded complaint" rule is the "com-

plete preemption" doctrine. The preemptive force of certain federal statutes is deemed so extraordinary as to convert complaints purportedly based on state law into complaints stating federal claims from their inception. *Phipps,* 417 F.3d at 1010 (citing *Krispin,* 218 F.3d at 922). "Congress may so completely preempt a particular area that a civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (finding complete preemption under § 502 of ERISA). In such a case, even if the allegations of the complaint would otherwise provide a basis for recovery under state law, these state law claims are deemed "completely preempted" by federal law, federal subject matter jurisdiction exists, and removal is appropriate. *Metropolitan Life Ins.,* 481 U.S. at 63–64, 107 S.Ct. 1542.

▬ Where the defendant asserts federal preemption as the basis for federal question jurisdiction, it is necessary to examine the preemptive force of the federal law at issue; that is, whether federal law provides only a defense to the plaintiff's claims as alleged, or whether it completely preempts all other theories of recovery such that the sole basis for pursuing a remedy arises under federal law. Federal preemption is generally considered a defense to a particular claim. "As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." *Metropolitan Life Ins.,* 481 U.S. at 63, 107 S.Ct. 1542. See also, *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 4, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (holding that the defense of federal preemption is traditionally not a basis for removal). In contrast, "[t]he doctrine of 'complete preemption' establishes more than a defense to a state-law claim." *Estes v. Federal Express Corp.,* 417 F.3d 870, 872–873 (8th Cir.2005)

(quoting *Chapman,* 390 F.3d at 625). Complete preemption transforms state law claims into federal claims, thereby creating a basis for federal question jurisdiction. *Estes,* 417 F.3d at 872–73.

To summarize, complete preemption has jurisdictional consequences that distinguish it from preemption asserted only as a defense. A preemption defense can prevent a claim from proceeding, and thus provide the basis for a Rule 12(b)(6) motion to dismiss or a Rule 56 motion for summary judgment, but mere defensive preemption does not convert a state claim into a federal claim. Complete preemption creates federal question jurisdiction; defensive preemption alone does not.

## B. FEDERAL PREEMPTION UNDER ERISA.

▬ The precise issue before this court on plaintiffs' motion for remand is whether the plaintiffs' claims against Ameritas as set forth in their amended complaint, or any of them, are completely preempted by ERISA such that this court may exercise federal question jurisdiction over the entirety of the plaintiffs' case. The existence of an ERISA "plan" is a prerequisite to federal jurisdiction under ERISA. *Johnston v. Paul Revere Life Ins. Co.,* 241 F.3d 623, 629 (8th Cir.2001).

> The pivotal inquiry is whether the plan requires the establishment of a separate, ongoing administrative scheme to administer the plan's benefits. Simple or mechanical determinations do not necessarily require the establishment of such an administrative scheme; rather, an employer's need to create an administrative system may arise where the employer, to determine the employees' eligibility for and level of benefits, must analyze each employee's particular circumstances in light of the appropriate criteria.

*Kulinski v. Medtronic Bio–Medicus, Inc.,*
21 F.3d 254, 257 (8th Cir.1994).

The plaintiffs' amended complaint alleges they are entitled to recovery from Ameritas because Ameritas violated its duty to properly appraise the value of stock held in an ESOP. Based on the allegations of the plaintiffs' complaint, the ESOP has existed since at least 1985. The plaintiffs were fiduciaries, trustees and members of an Administrative Committee that administered the ESOP and hired Ameritas to provide Company stock valuation services for the benefit of the ESOP's participants and beneficiaries.

The defendant's notice of removal states the plaintiffs' claims arise under ERISA, (filing 1 (notice of removal)), and it argues that the ESOP is an ERISA plan. Filing 14 (defendant's brief opposing remand) at p. 7. The plaintiffs' brief likewise argues that the ESOP at issue is an ERISA-qualified plan. Filing 8 (plaintiffs' brief in support of remand) at p. 1–2. The allegations of the plaintiffs' complaint raise no serious doubt that the ESOP is an ERISA-qualified plan, and the parties do not dispute this issue. The court therefore assumes for the purpose of this order that the ESOP is governed by ERISA law. See *Bannister v. Sorenson,* 103 F.3d 632, 637 (8th Cir.1996) (where the parties disputed the existence of an ERISA plan, the court must first decide if an ERISA-regulated plan exists because if it does not, the court has no federal question jurisdiction); *Kulinski,* 21 F.3d at 258 (though the parties stipulated that a severance benefits agreement was an ERISA-regulated plan, absent evidence of an ongoing administrative scheme for determining employee eligibility, the existence of an ERISA plan was not proven, and the district court's judgment vacated for lack of federal question jurisdiction).

■ Nomenclature creates significant problems when analyzing the application of ERISA preemption among the circuits and even within the Eighth Circuit. The Eighth Circuit has recently held that "[t]here are two types of preemption under ERISA: 'complete preemption' under ERISA § 502, 29 U.S.C. § 1132, and 'express preemption' under ERISA § 514, 29 U.S.C. § 1144." *Prudential Ins. Co. of America v. National Park Medical Center, Inc.,* 413 F.3d 897, 907 (8th Cir.2005). However, prior to this 2005 decision, the Eighth Circuit recognized three types of ERISA preemption:

- Complete preemption (also known as "field preemption," see *Fidelity Fed. Sav. & Loan Assn. v. de la Cuesta,* 458 U.S. 141, 153, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982));
- Conflict preemption, *Painter v. Golden Rule Ins. Co.,* 121 F.3d 436, 439 (8th Cir.1997) (also known as "ordinary preemption," *Arana v. Ochsner Health Plan,* 338 F.3d 433, 439 (5th Cir. 2003)); and
- "Relate to" preemption under § 514, (*Prudential Ins. Co. of America v. National Park Medical Center, Inc.,* 154 F.3d 812, 819 (8th Cir.1998)).

In explaining the difference between "relate to" and conflict preemption, *Painter* held:

[S]ome ERISA cases involve the distinct question of conflict preemption—whether a state law is preempted because it conflicts with a specific portion of the complex ERISA statute. If there is a conflict, state law is preempted, whether or not "the statutory phrase 'relate to' provides further and additional support for the pre-emption claim."

*Painter,* 121 F.3d at 439 (quoting *Boggs v. Boggs,* 520 U.S. 833, 117 S.Ct. 1754, 138 L.Ed.2d 45 (1997)). See also *Prudential Ins. Co. of America v. National Park Medical Center, Inc.,* 154 F.3d at 819 n. 4. See also *Hughes v. Attorney General of*

*Florida,* 377 F.3d 1258, 1265–66 (11th Cir. 2004) (identifying three types of ERISA preemption: (1) express preemption; (2) field preemption; and (3) conflict preemption).

The Eighth Circuit's most recent pronouncement, which identifies two types of ERISA preemption, is the one which should guide this court. Moreover, based on the analysis of ERISA preemption from other circuits, it is likely that "conflict preemption" is now considered but another name for or included within the category of what the Eighth Circuit's calls "express preemption." See *Darcangelo v. Verizon Communications, Inc.,* 292 F.3d 181, 191 n. 3 (4th Cir.2002)(under ordinary conflict preemption, a state law claim is preempted if it "relate[s] to" an ERISA plan under § 514); *Toumajian v. Frailey,* 135 F.3d 648, 654 (9th Cir.1998)(explaining that preemption under § 1144(a) of ERISA is also known as "conflict preemption").

■ Irrespective of whether the courts identify two rather than three categories of ERISA preemption, or whether they consider "conflict preemption" a form of or synonymous with preemption under § 514, "relate to" preemption, or "express preemption," neither "conflict preemption," nor any preemption based *solely* under § 514's "relate to" language authorizes the court to exercise federal question jurisdiction. "Conflict preemption, also known as ordinary preemption, arises when a federal law conflicts with state law, thus providing a federal defense to a state law claim, but [it] does not completely preempt the field of state law so as to transform a state law claim into a federal claim." *Sonoco Products Co. v. Physicians Health Plan, Inc.,* 338 F.3d 366, 371 (4th Cir.2003) (quoting *Arana v. Ochsner Health Plan,* 338 F.3d 433, 439 (5th Cir.2003)). See also *Toumajian,* 135 F.3d at 654 ("Conflict preemption" is an affirmative defense which does not confer jurisdiction or authorize remov-

al). Likewise, express preemption under ERISA § 514, which serves to preempt any state law that "relates to" an employee benefit plan, provides a defense against claims not completely preempted by ERISA § 502, but it does not completely preempt state law. *Prudential Ins. Co.,* 413 F.3d at 907. Therefore, it does not authorize this court to exercise federal question jurisdiction over the plaintiffs' claims. *Prudential Ins. Co.,* 413 F.3d at 907.

■ Complete preemption under ERISA occurs only when the plaintiffs' claims are governed by both § 514 and § 502(a) of ERISA. *Metropolitan Life,* 481 U.S. at 66–67, 107 S.Ct. 1542 (finding complete preemption where the cause of action was both related to an ERISA plan and within the scope of enforcement under § 1132(a)).

> [W]here a claim "relate[s] to any employee benefit," 29 U.S.C. § 1144(a), such that the claim is preempted by federal law, … *and* the claim seeks to recover benefits due or enforce rights under the terms of a plan, 29 U.S.C. § 1132(a), such that the exclusive cause of action is under federal law, then the action is subject to removal.

*Neumann v. AT & T Communications, Inc.,* 376 F.3d 773, 779–780 (8th Cir.2004) (emphasis added) (citing *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 48, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) and *Metropolitan Life,* 481 U.S. at 66–67, 107 S.Ct. 1542). See also *Lyons v. Philip Morris Inc.,* 225 F.3d 909, 912 (8th Cir.2000) (claims "within the scope of, or that relate to, the civil enforcement provisions of 502(a) are removable to federal court despite the fact the claims are couched in terms of state law."); *Felix v. Lucent Technologies, Inc.,* 387 F.3d 1146, 1157–58 (10th Cir.2004) (a state law claim will convert to a federal claim and will thus be removable only if

the claim is preempted by ERISA under § 514 and is within the scope of ERISA's § 502(a) civil enforcement provisions); *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir.1999) ("Here's the rule: ERISA superpreemption exists only when the 'plaintiff is seeking relief that is available under 29 U.S.C. § 1132(a).'"); *Toumajian*, 135 F.3d at 654–55 (if the plaintiffs' claims both "relate to" an ERISA plan within the meaning of § 1144(a) and fall within the scope of ERISA's civil enforcement found in § 1132(a), the state claims are completely preempted by ERISA and converted to federal questions; if both conditions are not met, the federal court lacks subject matter jurisdiction and the matter should be remanded); *Warner v. Ford Motor Co.*, 46 F.3d 531, 535 (6th Cir.1995) (en banc) (overruling precedent that allowed removal in a case covered by § 514 but not covered by § 502).

■■■ "State law claims which fall outside of the scope of § 502, even if preempted by § 514(a), are still governed by the well-pleaded complaint rule and, therefore, are not removable under the complete-preemption principles established in *Metropolitan Life.*" *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 355 (3d Cir.1995). See also *Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 (5th Cir.2003) (holding that only complete preemption of a claim under ERISA § 502(a) is required for removal jurisdiction; conflict preemption under ERISA § 514 is not required).

The difference between defensive preemption and complete preemption under ERISA not only determines whether a federal question exists in this case, but also guides the appropriate scope and order of inquiry to be employed by this court in evaluating whether this case should be remanded. Even if complete preemption, and thus federal jurisdiction, does not exist, a defendant may ultimately prove that the plaintiffs' claims are preempted by ERISA. *Warner*, 46 F.3d at 535 (citing *Caterpillar*, 482 U.S. at 398, 107 S.Ct. 2425). If complete preemption is lacking because the plaintiffs' claims do not seek ERISA civil enforcement remedies under § 502, the case must be remanded, and this court's inquiry ends. Under such circumstances, the merits of any ERISA preemption defense under § 514 is left to the state court for resolution, subject only to reversal by the United States Supreme Court upon writ of certiorari.

> When the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under § 514(a), the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption. It lacks power to do anything other than remand to the state court where the preemption issue can be addressed and resolved.

*Dukes*, 57 F.3d at 355. See also *Toumajian*, 135 F.3d at 655; *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir.1999).

■■■ Therefore, when the court is addressing the issue of whether federal question jurisdiction exists by virtue of ERISA preemption, the court should first address whether the plaintiffs' claims are governed by § 502. If the court finds that § 502 is inapplicable to the plaintiffs' claims, complete preemption does not exist, and this court lacks federal question jurisdiction. Once the court determines it lacks jurisdiction, any further discussion concerning whether ERISA preemption under § 514 is a valid defense to the plaintiffs' claims is dicta, improper, and irrelevant. *Soley v. First Nat. Bank of Commerce*, 923 F.2d 406, 409 (5th Cir.1991) (holding that once the court determined complete preemption was lacking, it lacked jurisdiction to discuss whether the claim was preempted as

"related to" an ERISA plan and its comments were therefore non-binding and irrelevant). See also *King v. Marriott Intern. Inc.*, 337 F.3d 421, 428 n. 3 (4th Cir.2003) (since § 502 provided no basis for recovery of benefits for the plaintiff's claims, complete preemption did not exist, and the court need not rule on whether the claim was preempted under § 514).

## C. RECOVERY OF BENEFITS AND ENFORCEMENT OF RIGHTS UNDER ERISA § 502.

■ Complete preemption under ERISA exists if:

(1) the plaintiff has standing under § 502(a) to pursue its claim;

(2) the claim falls within the scope of an ERISA provision that the plaintiff can enforce via § 502(a); and

(3) the claim cannot be resolved without interpreting an ERISA-governed employee benefit plan.

*Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir.1996). Applying these criteria to the express language of § 502(a) and the allegations of the plaintiffs' complaint, to the extent § 502(a) applies at all to the plaintiffs' claims, its application is limited to § 502(a)(1)(B) and § 502(a)(2).[2]

### 1. *Do the Plaintiffs' Have Standing to Assert a Claim under § 502(a)?*

■ Though there are only two named plaintiffs in this case, they have filed suit in many capacities; as ESOP participants, as assignees of other ESOP beneficiaries and participants, and as assignees of the ESOP and Clark Bros. Transfer, Inc. As applied to and limited by the allegations of the plaintiffs' amended complaint, the plaintiffs, seeking recovery in their capacity as "participant[s] or beneficiar[ies]" of the ESOP, have standing to seek damage recovery under § 502(a)(1)(B) and (a)(2). These provisions state:

> A civil action may be brought-
>
> (1) by a participant or beneficiary-
>
> .　　.　　.　　.　　.
>
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>
> (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title....

29 U.S.C. §§ 1132(a)(9)

Since the plaintiffs have standing as participants or beneficiaries to assert claims under § 502(a)(1)(B) and (a)(2), for the purposes of this motion for remand, I need

---

**2.** Under the facts alleged in the plaintiffs' amended complaint:
- 29 U.S.C. §§ 1132(a)(1)(A), (a)(4), and (a)(8) are not applicable because the plaintiffs do not allege violations of their right to receive requested information, (see § 1132(a)(1)(A)), benefit reports, (see § 1132(a)(4)), or multiemployer defined benefit plan funding notices, (see § 1132(a)(8));
- 29 U.S.C. § 1132(a)(3) is inapplicable because it provides for injunctive relief and "redress," but it does not provide a basis for seeking monetary relief as requested by the plaintiffs herein. *Kuhl v. Lincoln Nat.*

*Health Plan of Kansas City, Inc.*, 999 F.2d 298, 304 (8th Cir.1993);
- 29 U.S.C. §§ 1132(a)(5) through (a)(7) are inapplicable because such claims can be pursued only by the Secretary, (see § 1132(a)(5) and (a)(6)), or the State, (see § 1132(a)(7), but not by the plaintiffs herein;
- 29 U.S.C. §§ 1132(a)(9) is inapplicable because this case does not involve "the purchase of an insurance contract or insurance annuity in connection with termination of an individual's status as a participant covered under a pension plan...."

not and do not address whether they have standing to assert claims on behalf of the ESOP itself or the Company. If, by virtue of § 502(a) of ERISA, this court has federal jurisdiction over any one claim asserted, it has supplemental jurisdiction over any other claims alleged in amended complaint and arising from the same core of operative facts. *Phipps,* 417 F.3d at 1010.

2. *Are the Alleged Claims Within the Scope of Erisa's § 502(a)(1)(B) and (a)(2)?*

██ ERISA § 502(a)(2) allows a participant or beneficiary to seek appropriate relief against a plan fiduciary for losses to the plan caused by a breach of fiduciary duty owed to the plan. 29 U.S.C. §§ 1109 and 1132(a)(2). *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 142, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). In every case charging breach of fiduciary duty under ERISA, the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary when committing the alleged acts set forth in the complaint. *Pegram v. Herdrich,* 530 U.S. 211, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000). A plan fiduciary is obligated "to serve the interest of participants and beneficiaries and, specifically, to provide them with the benefits authorized by the plan." *Massachusetts Mut.,* 473 U.S. at 142, 105 S.Ct. 3085. The principal statutory duties imposed on plan fiduciaries "relate to the proper management, administration, and investment of fund assets, the maintenance of proper records, the disclosure of specified information, and the avoidance of conflicts of interest."

*Massachusetts Mut.,* 473 U.S. at 142–143, 105 S.Ct. 3085.

The allegations of the plaintiffs' amended complaint do not support a claim against Ameritas for breach of any fiduciary duty owed to the plan. Based on the allegations, Ameritas was hired by the plan's Administrative Committee to provide stock valuation opinions to the committee regarding the plan's Company stock assets. Ameritas had no alleged no conflict of interest in performing this service. As set forth in the amended complaint, Ameritas did not manage or administer the plan, or invest assets for or render investment advice to the plan; and it was not responsible for providing information to or maintaining the records of plan participants and beneficiaries. Both the plaintiffs and Ameritas assert that Ameritas was not a plan fiduciary.[3] I therefore conclude the plaintiffs' claims do not seek relief against Ameritas under § 502(a)(2).

██ For similar reasons, I conclude the plaintiffs' claims are not within the scope of § 502(a)(1)(B)'s civil enforcement provisions. Under § 502(a)(1)(B), "[t]he employee benefit plan itself is ordinarily liable for benefits payable under the terms of the plan and is thus the primary defendant." *Ross v. Rail Car America Group Disability Income Plan,* 285 F.3d 735, 741 (8th Cir.2002)(collecting cases). The party controlling administration of the plan is also a proper party defendant. *Layes v. Mead Corp.,* 132 F.3d 1246, 1249 (8th Cir.1998)(citing *Garren v. John Hancock Mut. Life Ins. Co.,* 114 F.3d 186, 187 (11th Cir.1997) and *Daniel v. Eaton Corp.,* 839 F.2d 263, 266 (6th Cir.1988)). See also *Hill v. Kellogg USA, Inc.,* 2005 WL

---

**3.** I further note that although an ERISA plaintiff may seek restitution under § 502(a)(3) from a non-fiduciary service provider who knowingly participated in a fiduciary's breach of duty, (*Harris Trust & Savings*

*Bank v. Salomon Smith Barney, Inc.,* 530 U.S. 238, 120 S.Ct. 2180, 147 L.Ed.2d 187 (2000)), no such allegations have been raised in this case.

1994944, *10 (D.Neb.2005) (Smith–Camp, J.); *Price v. Xerox Corp.,* 379 F.Supp.2d 1026, 1028 (D.Minn.2005)(explaining that courts "look[ ] to, among other things, a party's role in an ERISA plan to determine whether it in fact administered the plan").

Ameritas, as a non-fiduciary service provider to the plan, is not a proper defendant with respect to the plaintiffs' claims for recovery of plan benefits under § 502(a)(1)(B). Accordingly, the plaintiffs' claims against Ameritas do not seek relief that is available under the civil enforcement provisions of § 502(a)(1)(B).

Ameritas argues that *Aetna Health Inc. v. Davila,* 542 U.S. 200, 210, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004) clearly holds that § 502(a)(1)(B) and (a)(2) not only delineate the recovery available against the plan and its administrator, (§ 502(a)(1)(B)), or against a plan fiduciary (§ 502(a)(2)), but also eliminate recovery for those alleged losses as against any other defendants, including non-fiduciary service providers. Ameritas states "there simply can be no doubt that this case is an ERISA § 502(a) case and thus is completely preempted by ERISA," (see filing 14 (defendant's brief) at p. 33), while apparently admitting the plaintiffs' claims cannot be pursued against Ameritas. Ameritas argues that *"Aetna Health* very clearly held that, under ERISA, there simply are times when certain remedies and/or certain remedies against certain parties are unavailable in either state or federal court." Filing 14 (Ameritas' brief) at p. 32.

In *Aetna Health,* the respondents were plan participants who filed state tort claims against plan administrators for wrongfully denying medical coverage owed under the terms of ERISA-regulated employee benefit plans. The Court noted that upon denial of benefits, the respondents could have paid for the prescribed medical treatment themselves and then sought reimbursement from the defendants through a § 502(a)(1)(B) action, or they could have sought a preliminary injunction. After first deciding that any right to recovery from these defendants was derived entirely from the particular rights and obligations established by the benefit plans, *Aetna Health* held that the respondents' suits were completely preempted by ERISA. *Aetna Health* held:

> [R]espondents bring suit only to rectify a wrongful denial of benefits promised under ERISA-regulated plans, and do not attempt to remedy any violation of a legal duty independent of ERISA. We hold that respondents' state causes of action fall "within the scope of" ERISA § 502(a)(1)(B), . . . and are therefore completely pre-empted by ERISA § 502 and removable to federal district court.

*Aetna Health,* 542 U.S. at 214, 124 S.Ct. 2488 (citing *Metropolitan Life,* 481 U.S. at 66, 107 S.Ct. 1542). *Aetna Health* further held that "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Aetna Health,* 542 U.S. at 210, 124 S.Ct. 2488. Relying on *Aetna Health,* Ameritas argues:

> The "rule of law" in [*Aetna Health* ] is easy to sum up. If an individual, at some point in time, could have brought his claim under ERISA § 502(a), unless that individual claim in [sic] *entirely independent* of an ERISA duty and an ERISA Plan, the cause of action is completely preempted by ERISA § 502(a).

Filing 14 (Ameritas' brief) at p. 27 (emphasis in original). Ameritas claims that since the plaintiffs could have joined with the

other plan participants in their class action suit, they cannot pursue a claim against Ameritas to recover their personal losses as plan participants, to be indemnified for amounts paid to settle claims by other plan participants, or to recover amounts paid to Ameritas for its allegedly negligent work. Filing 14 (Ameritas' brief) at p. 36.

As plan administrators and fiduciaries, the named defendants in *Aetna Health* were proper party defendants for ERISA civil enforcement under § 502(a)(1)(B) and § 502(a)(2). Read in the context of the facts presented before the Court, *Aetna Health* held that as to the defendant plan administrators, enforcement claims were available under § 502(a)(1)(B) and § 502(a)(2), and all other claims for recovery against these defendants were completely preempted. *Aetna Health* does not support an argument that where the named defendant is not a proper party defendant and therefore cannot be held liable under § 502(a), the alleged claims

are nevertheless deemed § 502(a) claims for the purposes of assessing complete preemption and federal question jurisdiction. I therefore conclude that *Aetna Health* does not support Ameritas' argument that since the plaintiffs could have pursued recovery for their losses against the ESOP, its plan administrators, and its fiduciaries under § 502(a), their claims against Ameritas are *completely* preempted by § 502(a).[4]

3. *Does Resolving the Alleged Claims Require Interpreting an ERISA–Governed Employee Benefit Plan?*

■ In adopting the civil enforcement provisions of § 502(a), "Congress intended that an action brought to recover benefits or enforce rights that were allegedly denied contrary to the terms of an ERISA benefit plan will be regarded as arising under the laws of the United States, even if the complaint filed by the plan beneficiary purports to raise only a state-law cause

4. This holding is purposefully narrow. I hold only that the plaintiffs have not alleged claims *against Ameritas* which can be enforced under § 502(a); I offer no opinion as to whether ERISA preempts state law claims against non-fiduciaries. Claims encompassed by § 502(a) are completely preempted; but for the purposes of a motion for remand, I need not and do not determine whether state law claims not encompassed by the civil enforcement provisions of § 502(a) nonetheless conflict with ERISA's regulatory scheme such that "conflict preemption" or "express preemption" (§ 514) may be raised as a defense.

Consistent with this position, Ameritas has noted that *Mertens v. Hewitt*, 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993) is a conflict preemption and not a complete preemption case. It nonetheless extensively discusses the holding of *Mertens* in opposing the plaintiffs' motion for remand. Therefore, Ameritas' interpretation of *Mertens* merits some, albeit a limited, discussion.

Ameritas argues that *"no* cause of action for monetary damages is available in any court as against non-fiduciaries: 'ERISA has

eliminated ... the common law's joint and several liability for all direct and consequential damages against non-fiduciaries.' " Filing 14 (Ameritas' brief) at p. 2 (quoting *Mertens*, 508 U.S. at 262, 113 S.Ct. 2063 (emphasis in original)). *Mertens* held that a non-fiduciary service provider (an actuary) could not be sued under ERISA by a plan beneficiary for damages arising from the actuary's alleged "knowing participation" in a plan fiduciary's breach of duty. The actuary was initially sued under ERISA and common law negligence. The district court dismissed the state claim as time-barred, but the Ninth Circuit reversed dismissal of the state law claim and remanded that portion of the suit for further determination. *Mertens v. Hewitt Associates*, 948 F.2d 607, 613 (9th Cir.1991). The Ninth Circuit's reinstatement of the state claim against the actuary was not appealed to the Supreme Court. Accordingly, although *Mertens* ruled that no damage claim could be raised under ERISA against the non-fiduciary actuary, the issue of whether the state negligence claim was preempted by ERISA was not before it or addressed in the Court's opinion.

of action." *Neumann,* 376 F.3d at 779. Section 502(a)(1)(B) expressly authorizes suits to recover benefits due under "the terms of [the] plan," to enforce rights "under the terms of the plan," or to clarify the rights to future benefits "under the terms of the plan." ERISA preempts a state law claim if the claim requires the court to interpret or apply the terms of an employee benefit plan. *Collins v. Ralston,* 147 F.3d 592, 595 (7th Cir.1998). For the purposes of § 502, interpreting the terms of the plan requires more than merely recognizing that a "tenuous, remote or peripheral" relationship exists between the plan and the plaintiffs' claims. *Neumann,* 376 F.3d at 781.

The ESOP at issue has not been submitted as evidence on this motion for remand, and the plaintiffs have not alleged a violation of any specific term of the plan. The plaintiffs allege Ameritas was negligent in carrying out duties under an agreement to provide stock valuation services. There is no allegation or argument that the terms of the ESOP defined how the stock should be valued or what method of valuation should be used to perform that service.

Under the facts alleged in the plaintiffs' complaint, "[c]ommon law imposes the duty of care regardless of whether the malpractice involves an ERISA plan," and as such "the duty of care does not depend on ERISA in any way." *Coyne & Delany Co. v. Selman,* 98 F.3d 1457, 1471 (4th Cir.1996). "[T]he court's inquiry will be centered on whether the defendant['s] conduct comported with the relevant professional standard of care." *Coyne & Delany Co.,* 98 F.3d at 1472. "The case will turn on legal duties generated outside the ERISA context," (*Coyne & Delany Co.,* 98 F.3d at 1472), and not on the terms of the plan itself.

The claims alleged against Ameritas relate only peripherally to the ESOP. *Bannister,* 103 F.3d at 636 (provisionally holding ERISA did not preempt state law claims where the dispute did not directly involve the ERISA plan but rather two of its subcontractors). I therefore conclude that while Ameritas was performing a stock valuation service for the ESOP, the outcome of the plaintiffs' claims against Ameritas is not dependent on interpreting the terms of the ESOP. Section 502(a) is therefore inapplicable to this case.

I therefore conclude that, as participants and beneficiaries, the plaintiffs have standing to assert claims under § 502(a). However, their alleged claims against Ameritas are not within the scope of ERISA's § 502(a)(1)(B) and (a)(2) civil enforcement provisions, and there is no showing that these claims will require interpretation of the terms of the ESOP plan at issue. Accordingly, I find that the plaintiff's claims are not governed by § 502(a) and do not "seek[ ] to recover benefits due or enforce rights under the terms of a plan." *Neumann,* 376 F.3d 773, 779–780 (8th Cir. 2004).

Complete preemption, and therefore federal question subject matter jurisdiction, does not exist. This case must be remanded to the District Court of Douglas County, Nebraska.

## D. REQUEST FOR ATTORNEY'S FEES AND EXPENSES.

The plaintiffs have moved for an award of costs and actual expenses, including attorneys' fees incurred as a result of Ameritas' removal of this case to federal court. Filing 7 (motion for remand) at p. 2, prayer ¶ (b). 28 U.S.C. § 1447(c) states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has very recently pronounced the standard to be applied when considering

the assessment of fees and costs under § 1447(c).

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.... In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.... When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Martin v. Franklin Capital Corp.,* —— U.S. ——, 126 S.Ct. 704, 711, 163 L.Ed.2d 547 (2005).

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Martin,* —— U.S. ——, 126 S.Ct. 704, 711.

■ Though I ultimately conclude that this case was not properly removed, Ameritas presented reasonable, good faith, and well-researched arguments in support of its claim that ERISA completely preempts the plaintiffs' claims. The plaintiffs' motion for remand and the defendant's response raise complex and novel ERISA preemption questions. "At the 'cutting edge' of fiduciary litigation—'under' ERISA or 'outside' ERISA's otherwise preemptive standards—are attempts to hold non-fiduciary service providers and professionals liable ... for negligence or malpractice under state law." A.L.I.-A.B.A. Continuing Legal Education, *ERISA Litigation: An Overview of Major Claims and Defenses,* (May 12–14, 2005) (WestLaw SK083 ALI–ABA 781, *827 (2005)).

I find nothing to indicate that Ameritas removed this case for the purpose of prolonging the litigation or exposing the plaintiffs to additional costs and fees. Rather, I conclude the removal was motivated by Ameritas' objectively reasonable belief that it was entitled to seek a federal forum for resolution of this case. Therefore, the plaintiffs' request for attorney fees and costs will be denied. See also *Moline Machinery, Ltd. v. Pillsbury Co.,* 259 F.Supp.2d 892 (D.Minn.2003)(denying request for attorney fees and costs on remand where the defendant alleged complete preemption under ERISA, removal was sought in good faith, and question was one of first impression in this Circuit, and issue of whether action was removable presented a close question).

IT THEREFORE HEREBY IS ORDERED:

1. The plaintiffs' objections to the defendant's filing 15 index of evidence, filing 16, is sustained on the basis of relevance.

2. As to the plaintiffs' Motion for Remand and for costs and fees pursuant to 28 U.S.C. § 1447(c), filing 7:

   a. The plaintiffs' motion for remand is granted; and

   b. The plaintiffs' motion for an award of costs and actual expenses, including attorney fees, is denied.