# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-1599

———————

Craig T. Tekse,

        Appellant,

v.

3M Company,

        Appellee.

Appeal from the United States
District Court for the
District of Minnesota.

[UNPUBLISHED]

———————

Submitted: January 6, 2006
Filed: January 23, 2006

———————

Before BYE, McMILLIAN[1], and RILEY, Circuit Judges.

———————

PER CURIAM.

Craig T. Tekse appeals the district court's[2] adverse grant of summary judgment in his civil lawsuit claiming constructive fraud against his employer, 3M Company (3M). Having conducted de novo review, we agree with the district court that Tekse's state-law claim for constructive fraud--arising from 3M's discontinuation of a preretirement leave (PRL) policy--is preempted by the Employment Retirement

---

[1]The Honorable Theodore McMillian died on January 18, 2006. This opinion is being filed by the remaining judges of the panel pursuant to 8th Cir. Rule 47E.

[2]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

Income Security Act (ERISA). See Estes v. Fed. Express Corp., 417 F.3d 870, 872 (8th Cir. 2005) (standard of review; ERISA preempts state-law claims that relate to employee benefit plan such that they have connection with or reference to such plan; claim relates to ERISA plan when cause of action is premised on existence of ERISA plan).

Having determined that Tekse's state-law claim was preempted, the district court properly considered whether Tekse could pursue an ERISA claim for breach of a fiduciary duty, see Slice v. Sons of Norway, 978 F.2d 1045, 1047 (8th Cir. 1992) (per curiam), and we agree with the district court that such a claim was time-barred. Tekse admittedly knew of the alleged breach when he was notified in late 1997 that the PRL policy was being discontinued, yet he waited until November 2003 to file the instant lawsuit. See 29 U.S.C. § 1113 (time limitations on ERISA actions for breach of fiduciary duty); Brown v. Am. Life Holdings, Inc., 190 F.3d 856, 858-59 (8th Cir. 1999) (ERISA contains express statute of limitations barring fiduciary-duty claims after earlier of 6 years from breach or 3 years from date plaintiff acquires actual knowledge of breach).

Finally, Tekse's assertion that his case reveals a shortcoming in ERISA is not a basis for reversal.

Accordingly, we affirm. See 8th Cir. R. 47B.

_____