**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 01-30922

———————————————

JULIO C ARANA

                    Plaintiff - Appellee

v.

OCHSNER HEALTH PLAN

                    Defendant - Appellant

———————————————————————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana

———————————————————————————————————————

Before KING, Chief Judge, JOLLY, HIGGINBOTHAM, DAVIS, JONES,
SMITH, WIENER, BARKSDALE, EMILIO M. GARZA, DeMOSS, BENAVIDES,
STEWART, DENNIS, CLEMENT, and PRADO, Circuit Judges.

KING, Chief Judge:

Julio C. Arana sued Ochsner Health Plan, Inc. in state court
to obtain a declaration that he is entitled to retain tort
settlement proceeds free of Ochsner Health Plan, Inc.'s claim for
reimbursement of health care benefits previously paid for Arana's
account and to obtain attorney's fees and statutory penalties as
well.  The case was removed to federal court.  The district court
granted summary judgment for Arana.  A panel of this court
reversed, holding that the district court did not have subject

1

matter jurisdiction, and directed that the case be remanded to state court.  See Arana v. Ochsner Health Plan, Inc., 302 F.3d 462 (5th Cir. 2002), vacated and reh'g en banc granted, 319 F.3d 205 (5th Cir. 2003).  Rehearing en banc was granted, thereby vacating the panel opinion.  Because Arana states a claim to recover benefits or to enforce his rights that is completely preempted by ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) (2000), we find that the district court had federal subject matter jurisdiction.  We do not address the merits of this case, instead returning the case to the panel for that purpose.

## I.  FACTUAL AND PROCEDURAL HISTORY

### A.  Facts

Julio C. Arana ("Arana") was injured in a car accident. Ochsner Health Plan, Inc. ("OHP") paid approximately $180,000 in benefits under the terms of an employer-sponsored health plan offered by Arana's mother's employer.  Arana then asserted tort claims against, and ultimately settled with, three other insurance companies.[1]  Though his mother's health benefits plan, which all parties agree is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461 (2000), required Arana to notify OHP of any litigation or settlement of claims against third parties for which OHP had made payment,

---

[1]     Approximately $150,000 of the tort settlements is being held in Arana's attorney's trust fund account.

2

Arana did not do so.  OHP learned of the settlements and contacted Arana's mother.  OHP claimed a right to subrogation of Arana's personal injury cause of action and reimbursement of benefits it paid for Arana's injuries to the extent that Arana was compensated by other insurers.[2]

---

[2]      The Group Health Services Agreement is the ERISA plan between OHP (here designated O/SCHP) and Arana.  The portion at issue in this case reads:

> If any Member is injured by an act or omission of a third party and if such third party and/or any other third party or entity, including but not limited to the Member's medical, health and accident, uninsured/underinsured motorist, school, and/or no fault insurer(s) (each referred to hereafter as a "Third Party"), is subsequently determined to be liable and/or responsible for the Expenses incurred because of such act or omission or by contract, O/SCHP will be subrogated to, and may enforce the rights of, the Member against the Third Party(ies) for such Expenses.

> In addition to and notwithstanding the subrogation rights granted to O/SCHP, by becoming a Member of O/SCHP and/or accepting benefits under O/SCHP and the provision of health care services by O/SCHP, including payment of the Expenses, each Member does hereby assign and shall be deemed to have assigned to O/SCHP all rights and claims against such Third Party(ies) for such Expenses, including the right to compromise claims independently of the Member, to commence and prosecute any legal proceeding, and to pursue judgments through collection, in its name or in the Member's name.

> . . .

> Any settlement, compromise, or release by a Member in favor of a Third Party, made in violation of the provisions of this Section 1, shall be deemed to include the full amount due O/SCHP, up to the amount of the settlement, compromise, or release, regardless of whether the Member receives full or partial recovery from such Third Party, and any funds received by the Member shall be held in trust by the Member and/or his

**B.   District Court Decision**

Arana sued OHP in Louisiana state court, seeking a declaratory judgment.  Arana asked the court to find that OHP could not obtain reimbursement from him for amounts OHP previously paid for his medical bills.  Arana raised two claims: (1) a request for a declaratory judgment "requiring OHP to release its notice of lien and to withdraw and release OHP's subrogation, reimbursement and assignment claims" because LA. REV. STAT. § 22:663[3] bars OHP from asserting these rights; and (2) a request for statutory penalties and attorney's fees under LA. REV. STAT. § 22:657[4] for OHP's allegedly wrongful attempt to assert

---

attorney or other representative and paid to O/SCHP without any deductions for attorneys' fees or other costs.

[3]    Section 22:663 reads:

Notwithstanding any other provisions in this title to the contrary, no group policy of accident, health or hospitalization insurance, or of any group combination of these coverages, shall be issued by any insurer doing business in this state which by the terms of such policy group contract excludes or reduces the payment of benefits to or on behalf of an insured by reason of the fact that benefits have been paid under any other individually underwritten contract or plan of insurance for the same claim determination period.  Any group policy provision in violation of this section shall be invalid.

LA. REV. STAT. ANN. § 22:663 (West 1995 & Supp. 2003).

[4]    Section 22:657 reads, in part:

All claims arising under the terms of health and accident contracts issued in this state, except as provided in Subsection B, shall be paid not more than

4

a lien against his tort settlements and obtain reimbursement from him.  Arana brought the case as a class action, but no class has been certified.

OHP removed the case to federal district court, basing subject matter jurisdiction on the argument that ERISA completely preempts Arana's claims.  The district court found that there was subject matter jurisdiction because Arana stated a claim "to recover benefits" under ERISA § 502(a)(1)(B).[5]  The district court then granted partial summary judgment to Arana on the

_____

thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent businessman on his guard, exist.  The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments.  Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney's fees to be determined by the court. Any court of competent jurisdiction in the parish where the insured lives or has his domicile, excepting a justice of the peace court, shall have jurisdiction to try such cases.

LA. REV. STAT. ANN. § 22:657 (West 1995 & Supp. 2003).

[5]    The district court reasoned:

Arana's argument that his claim is brought only under state law because it is not a claim to obtain benefits is unconvincing.  Even though the benefits have been paid, Ochsner is attempting to reduce the amount of the benefits paid under the health plan.  The claim is brought under § 502(a) . . .

5

merits of his claims.

## C.   Fifth Circuit Proceedings

On appeal, Arana argued that the federal courts do not have subject matter jurisdiction over this action because his claims are not completely preempted by ERISA.  The panel agreed.  The panel held that Arana's first claim is not a claim "to recover benefits" within the scope of ERISA § 502(a)(1)(B) because OHP has already paid Arana all of the health benefits due and Arana is not seeking additional benefits.  The panel also rejected OHP's argument that Arana's first claim is one "to enforce his rights under the terms of the plan" under § 502(a)(1)(B) because Arana is not seeking to enforce the plan's terms but rather to declare a portion of the plan illegal under Louisiana law if enforced.  Finally, the panel determined that Arana's second claim, which seeks penalties and attorney's fees, is not within the scope of ERISA § 502(a) because, though LA. REV. STAT. § 22:657 may conflict with ERISA, a mere conflict with federal law is insufficient for jurisdiction.

We granted OHP's petition for rehearing en banc to consider the jurisdictional issue.[6]

---

[6]      Participating in this case as amici curiae are Louisiana Managed Health Care Association, Inc., et al.; Benefit Recovery, Inc.; Elaine L. Chao, Secretary of the United States Department of Labor; and Professors Edward H. Cooper and Dana M. Muir of the University of Michigan Law School.  Professors Cooper and Muir filed their brief at the request of the court, and we are grateful for their participation.

## II.  STANDARD OF REVIEW

We review challenges to our subject matter jurisdiction <u>de novo</u>.  <u>See, e.g.</u>, <u>Hussain v. Boston Old Colony Ins. Co.</u>, 311 F.3d 623, 628 (5th Cir. 2002).

## III.  DISCUSSION OF SUBJECT MATTER JURISDICTION

### A.  Requirements for Complete Preemption Subject Matter Jurisdiction

The federal removal statute authorizes removal to federal court of a civil action filed in state court if the claim is one "arising under" federal law or if there is diversity jurisdiction and the defendant is not a citizen of the state where the action is brought.[7]  <u>See</u> 28 U.S.C. § 1441(b) (2000).  As the Supreme Court recently explained:

> To determine whether the claim arises under federal law, we examine the "well pleaded" allegations of the complaint and ignore potential defenses: "A suit arises under the Constitution and the laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.  It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States."  <u>Louisville & Nashville R. Co. v. Mottley</u>, 211 U.S. 149, 152 (1908); see <u>Taylor v. Anderson</u>, 234 U.S. 74 (1914). . . .  As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim.

<u>Beneficial Nat'l Bank v. Anderson</u>, 123 S. Ct. 2058, 2062 (2003).

---

[7]    OHP and Arana are citizens of Louisiana, so removal is only proper in this case if there is federal question jurisdiction.

7

There is an exception to the well-pleaded complaint rule, though, if Congress "so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character."  Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987).  In Metropolitan Life Insurance Co. v. Taylor, the Supreme Court found that state law claims seeking relief within the scope of ERISA § 502(a)(1)(B) are completely preempted.  See id. at 62-66.

**B.    Analysis of Arana's LA. REV. STAT. § 22:663 Claim**

Arana's first claim requests a declaratory judgment "requiring OHP to release its notice of lien and to withdraw and release OHP's subrogation, reimbursement, and assignment claims" because such claims violate LA. REV. STAT. § 22:663.  This claim is completely preempted because it falls within the scope of ERISA § 502(a)(1)(B).  Section 502(a)(1)(B) reads:

> (a) A civil action may be brought–
>     (1) by a participant or beneficiary–
>     . . .
>         (B) to recover benefits due to him under the
>         terms of his plan, to enforce his rights
>         under the terms of the plan, or to clarify
>         his rights to future benefits under the terms
>         of the plan . . .

29 U.S.C. § 1132 (2000).

Arana's LA. REV. STAT. § 22:663 claim can fairly be characterized either as a claim "to recover benefits due to him under the terms of his plan" or as a claim "to enforce his rights

8

under the terms of the plan."[8]  As it stands, Arana's benefits are under something of a cloud, for OHP is asserting a right to be reimbursed for the benefits it has paid for his account.  It could be said, then, that although the benefits have already been paid, Arana has not fully "recovered" them because he has not obtained the benefits free and clear of OHP's claims.  Alternatively, one could say that Arana seeks to enforce his rights under the terms of the plan, for he seeks to determine his entitlement to retain the benefits based on the terms of the plan.

---

[8] See Clancy v. Employers Health Insurance Co., 82 F. Supp. 2d 589, 591-92, 596 (E.D. La. 1999), aff'd, 248 F.3d 1142 (5th Cir. 2001) (unpublished opinion), cert. denied, 534 U.S. 820 (2001) (finding that a suit based on LA. REV. STAT. § 22:663 seeking to obtain benefits and prevent an insurer from recovering benefits it had already paid fell within § 502(a)(1)(B) as a claim "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan"); see also Coughlin v. Health Care Serv. Corp., 244 F. Supp. 2d 883, 885-89 (N.D. Ill. 2002) (finding than the insureds' declaratory judgment class action claims, which sought to retain tort settlements in light of the insurers' claims for reimbursement, were claims to "enforce [their] rights under the terms of the plan" and to "clarify [their] rights to future benefits under the terms of the plan"); Carducci v. Aetna U.S. Healthcare, 204 F. Supp. 2d 796, 799-803 (D.N.J. 2002) (holding that the insureds' suits to recover funds their ERISA plans had obtained via subrogation liens on their tort settlement proceeds were suits for "benefits due" under their plans); Franks v. Prudential Health Care Plan, Inc., 164 F. Supp. 2d 865, 868-69 (W.D. Tex. 2001) (finding that an insured's suit to recover amounts he had paid to reimburse his ERISA plan from tort settlement proceeds was a suit "to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan") (emphasis in original).

Arana contends that he does not seek relief under ERISA § 502(a)(1)(B) because he claims entitlement to relief under Louisiana law, not under the terms of his ERISA plan. That is, according to Arana, LA. REV. STAT. § 22:663 nullifies the term of his ERISA plan which provides for reimbursement, so his claims do not seek relief under the plan's terms. As we see it, however, Arana does seek benefits "under the terms of the plan" because the plan explicitly provides that the plan is to be enforced according to Louisiana law. Specifically, the plan contains a choice-of-law clause mandating that the plan be construed in light of Louisiana law so long as Louisiana law is not preempted by ERISA.[9] Our holding that Arana seeks relief under the terms of the plan is bolstered by a Seventh Circuit decision which also found that a claim seeking benefits premised on an ERISA plan read in conjunction with state law falls within § 502(a)(1)(B). See Plumb v. Fluid Pump Serv., Inc., 124 F.3d 849, 860-62 (7th Cir. 1997); cf. Ward, 526 U.S. at 377 ("Ward sued under § 502(a)(1)(B) 'to recover benefits due . . . under the terms of the plan.' The [California] notice-prejudice rule supplied the

_____

[9]     This clause reads:

> **Section 15. Governing Law:** This Agreement shall be construed, administered and enforced as a Louisiana contract according to the internal laws of the State of Louisiana. However, it is specifically intended that to the extent ERISA or any other federal law preempts state law, this Agreement shall be construed, administered and enforced in accordance with such laws.

relevant rule of decision for this § 502(a) suit."). Thus, Arana's claim seeks relief under the terms of his ERISA plan, as ERISA § 502(a)(1)(B) requires.

Arana's final argument is that, even if his claim falls within ERISA § 502 so that it is completely preempted, there is no jurisdiction because his claim is not conflict preempted as well. Conflict preemption, also known as ordinary preemption, arises when a federal law conflicts with state law, thus providing a federal defense to a state law claim, but does not completely preempt the field of state law so as to transform a state law claim into a federal claim. See, e.g., Heimann v. Nat'l Elevator Indus. Pension Fund, 187 F.3d 493, 499-500 (5th Cir. 1999). Arana reasons that although his claim is conflict preempted under ERISA § 514(a), 29 U.S.C. § 1144(a) (2000), because it is a claim that "relates to" an ERISA plan, it is saved from preemption because LA. REV. STAT. § 22:663 is a state law that "regulates insurance" under § 514(b)(2)(A), 29 U.S.C. § 1144(b)(2)(A) (2000), within the meaning of FMC Corp. v. Holliday, 498 U.S. 52 (1990), and Kentucky Ass'n of Health Plans, Inc. v. Miller, 123 S. Ct. 1471 (2003).

This circuit has not been content to require only § 502 complete preemption for federal jurisdiction, requiring § 514 conflict preemption as well. See, e.g., Copling v. Container Store, Inc., 174 F.3d 590, 597 n.14 (5th Cir. 1999); McClelland v. Gronwaldt, 155 F.3d 507, 517 & n.31 (5th Cir. 1998). The

11

source of this two-part test, as best we can tell, is <u>Hartle v. Packard Electric</u>, where we stated:

> Federal preemption is ordinarily raised as a matter of defense, and therefore does not authorize removal to federal court. In <u>Metropolitan Life Insurance Co. v. Taylor</u>, 481 U.S. 58, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987), however, the United States Supreme Court held that state law actions displaced by the civil enforcement provisions of ERISA can be characterized as claims arising under federal law. Therefore, such actions can properly be removed to federal court even though ERISA preemption does not appear on the face of the complaint.
> A prerequisite to this exercise of jurisdiction, however, is that the state law claims actually be preempted by ERISA.

877 F.2d 354, 355 (5th Cir. 1989). Succeeding cases have been controlled by this language.

Today, in view of the possibility that Arana's claim is not preempted by § 514(a), we must revisit our two-part test for finding complete preemption jurisdiction. First, <u>Metropolitan Life</u>, to which the <u>Hartle</u> case referred, did not hold that a two-part test is required in order to find complete preemption. In <u>Metropolitan Life</u>, in assessing whether removal of the common law contract and tort claims at issue was proper, the Supreme Court simply noted that the claims were preempted by § 514 and then went on to consider § 502(a) complete preemption. <u>See</u> 481 U.S. at 62-63. Second, Supreme Court cases decided after <u>Metropolitan Life</u> (and after we adopted our two-part test) have made it clear that § 514 conflict preemption is not necessary to find complete preemption jurisdiction. In <u>UNUM Life Insurance Co. of America</u>

12

v. Ward, the Court determined that a California state law was not preempted under § 514 (because it was a law regulating insurance) but acknowledged that the plaintiff properly brought a claim in federal court under ERISA § 502(a). See 526 U.S. 358, 365-77 (1999). Similarly, in Rush Prudential HMO, Inc. v. Moran, the Court found that ERISA § 514 did not preempt the Illinois HMO Act (because it too was a law regulating insurance) but nonetheless noted, and did not question the fact that, the Seventh Circuit found federal subject matter jurisdiction over the claim under ERISA § 502(a). See 536 U.S. 355, 363-87 (2002). These cases clearly indicate, then, that there may be complete preemption subject matter jurisdiction over a claim that falls within ERISA § 502(a) even though that claim is not conflict preempted by ERISA § 514.

We thus hold that only complete preemption of a claim under ERISA § 502(a) is required for removal jurisdiction; conflict preemption under ERISA § 514 is not required;[10] and we overrule the relevant portions of our precedent to the contrary.[11] Put simply, there is complete preemption jurisdiction over a claim that seeks relief "within the scope of the civil enforcement

---

[10]    We thus do not address whether Arana's LA. REV. STAT. § 22:663 claim is conflict preempted under ERISA § 514.

[11]    These portions of our precedent include: Heimann, 187 F.3d 493, 502 (5th Cir. 1999); Copling, 174 F.3d at 597 n.14; McClelland, 155 F.3d at 517 & n.31; Hartle, 877 F.2d at 355.

13

provisions of § 502(a)."  <u>Metro. Life Ins. Co.</u>, 481 U.S. at 66.[12]

## IV.  CONCLUSION

We find that there is subject matter jurisdiction over this case.  We RETURN the case to the panel to address the merits of Arana's claims.

---

[12]    Because the district court correctly held that there is subject matter jurisdiction over Arana's LA. REV. STAT. § 22:663 claim, we need not address OHP's argument that Arana's LA. REV. STAT. § 22:657 claim for attorney's fees and penalties provides an independent basis of jurisdiction.  We also decline to address OHP's argument that there is subject matter jurisdiction because OHP has a federal claim under <u>Great-West Life & Annuity Insurance Co. v. Knudson</u>, 534 U.S. 204 (2002), and <u>Franchise Tax Board v. Construction Laborers Vacation Trust for Southern California</u>, 463 U.S. 1 (1983).