United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 5, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03 - 11318
SUMMARY CALENDAR

_____

STACIE HOLLOWAY,

             Plaintiff - Appellee,

     v.

AVALON RESIDENTIAL CARE HOMES, INC. ET AL.,

             Defendants,

AVALON RESIDENTIAL CARE HOMES, INC.,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the
Northern District of Texas
(4:03-CV-1173)
_____

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DAVIS, Circuit
Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

     In this appeal, we review the district court's order

remanding this case to the state court.  For the following

reasons, we uphold the district court's decision.

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff - Appellee, Stacie Holloway, filed suit against Freeman Administrative Solutions, Inc. (hereinafter, "FAS") and her employer, Avalon Residential Care Homes, Inc. (hereinafter, "Avalon") for injuries sustained as the result of an unsafe workplace, and for wrongful termination.

Defendants removed the suit to the District Court for the Northern District of Texas, basing their removal on the Federal Arbitration Act and the Employment Retirement Income Act of 1974 (hereinafter, "ERISA"). Defendants asserted that Holloway's claims were recharacterized and preempted by ERISA due to the inclusion of FAS as a party. According to Defendants, Avalon was the holder and FAS was the administrator of an occupational injury insurance policy that was in force at the time of Holloway's injury and further, that Holloway's benefits were terminated pursuant to the terms of the insurance plan. Defendants also asserted that Holloway had failed to exhaust her administrative remedies pursuant to ERISA and that Holloway failed to comply with the mediation and arbitration provisions outlined in Avalon's insurance plan.

Holloway responded by moving to amend her complaint to allege only her state law negligence claim against Avalon. She then moved to remand the case back to state court. The district

granted both of Holloway's motions, finding that Holloway's amended complaint asserted only a claim of negligence in failing to maintain a safe workplace and only against Avalon, her former employer. The district court therefore determined that the amended complaint was not preempted by ERISA and ordered the case remanded to state court pursuant to 28 U.S.C. § 1367.

Defendant's motion to dismiss was denied as moot, and Avalon timely filed a notice of appeal.

## II.

### JURISDICTION

Normally, an order remanding a case to the state court from which it was removed is not reviewable on appeal. 28 U.S.C. § 1447(d). However, because the district court in its discretion remanded the case to the state court after determining that all federal claims had been eliminated and only pendent claims remained, we have jurisdiction to hear this appeal. *See Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994).

## III.

### ERISA PREEMPTION

Avalon argues that Holloway's state law negligence claims are fraudulently pleaded to avoid ERISA preemption and are actually an attempt to receive damages from Avalon's insurance plan. Avalon asserts that the damages sought by Holloway trigger the insurance plan because the cause of action sufficiently

relates to the plan. Avalon also argues that Holloway has received all or a portion of the damages claimed through payments from the insurance plan and that it was Holloway's violations of the insurance plan's terms that led to the termination of her benefits.

We review the district court's preemption analysis de novo. *Id*.

ERISA preempts any state law that references or shares a connection with an ERISA plan when the state law is not specifically designed to affect such plans, affects such plans only indirectly, or is inconsistent with ERISA's substantive requirements. *Id*. at 781. However, some state plans may be too remote to warrant a finding of preemption. *Id*. To determine whether a state law claim is preempted, we look to (1) whether the claim addresses areas of exclusive federal concern, and (2) whether the claim directly affects the relationship among traditional ERISA entities. *Id*.

Holloway's complaint asks for personal injury damages, alleging that she was injured while attempting to move a patient. According to Holloway, Avalon knew of the patient's propensity for violence but failed to provide adequate support staff during Holloway's shift. Holloway asserts that she is not seeking to recover benefits from Avalon's insurance plan. Thus, Holloway's negligence claim affects only her employer/employee relationship

and is wholly independent from the existence of Avalon's insurance plan. *Id*. at 783-84. This court's previous decision in *Hook* is controlling, and Holloway's negligence claim is not preempted by ERISA.

However, Avalon asks this court to overrule *Hook*, alleging that the decision is inconsistent with both *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987), and *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). We decline to do so. Both of these cases were decided before and were considered in *Hook*, and one panel of this Court may not overrule another panel absent an intervening decision to the contrary by the Supreme Court or this Court en banc. *See Hogue v. Johnson*, 131 F.3d 466, 491 (5th Cir. 1997); *Hook*, 38 F.3d at 781.

Avalon next argues that *Hook* is inconsistent with *Arana v. Ochsner Health Plan*, 338 F.3d 433 (5th Cir. 2003). In *Arana*, the plaintiff sought a declaratory judgment requiring the health plan to release its notice of lien and withdraw its subrogation claims for reimbursement of health care benefits following the plaintiff's tort claim settlements. The en banc Court held that the plaintiff was seeking benefits under the terms of the plan despite the fact that the plaintiff asked for relief under Louisiana state law. *Id*. at 438. The Court held that a claim seeking benefits premised on an ERISA plan read in conjunction with state law is completely preempted. *Id*. at 438-39. Thus

*Arana* and *Hook* are distinguishable and not inconsistent.

The district court did not abuse its discretion in remanding the case to the state court. *See Hook*, 38 F.3d at 780.

IV.

ARBITRATION

Avalon next argues that the district court abused its discretion by declining to compel Holloway to comply with the Avalon insurance plan's arbitration provision. We disagree. The insurance plan's arbitration clause only pertains to disputes arising under the plan. Thus, the district court correctly concluded that Holloway's claims did not arise under the Avalon insurance plan.

V.

ATTORNEY'S FEES

In her appellee's brief, Holloway argues that she is entitled to attorney's fees pursuant to both the removal statute and ERISA. However, the Federal Rules of Appellate Procedure and the rules of this Court provide that applications for fees are to be made by motion and should be supported by documentation of time expended. FED. R. APP. P. 27(a)(1); 5th Cir. R. 47.8. Holloway has failed to provide such documentation. Further, Holloway is not entitled to fees under 28 U.S.C. § 1447(c) because the district court remanded the case based not on the removal statute, but on its decision not to extend supplemental

-6-

jurisdiction.  Finally, Holloway dismissed the portion of her complaint which stated an ERISA claim, and thus, she is not entitled to attorney's fees.  29 U.S.C. § 1132(g)(1).

VI.

CONCLUSION

For the foregoing reasons, the district court's decision is AFFIRMED.