IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 7, 2007

Charles R. Fulbruge III
Clerk

No. 06-60742
Summary Calendar

JOSE SAUL ORELLANA

Petitioner

v.

PETER D KEISLER, ACTING U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A71 977 614

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Jose Saul Orellana petitions this court for review of the decision of the Board of Immigration Appeals (BIA) finding him statutorily ineligible for the withholding of removal under the Immigration and Nationality Act and the Convention Against Torture based on his prior conviction for a particularly serious crime. The Government contends that because this court has summarily affirmed the BIA's decision on this matter, there remains no "case or controversy" for this court to review.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court does not have the power under Article III of the Constitution to decide the merits of a case that is moot when it comes before the court. See Goldin v. Bartholow, 166 F.3d 710, 717 (5th Cir. 1999). "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." McClelland v. Gronwaldt, 155 F.3d 507, 514 (5th Cir. 1998) (internal quotations, footnote, and brackets omitted), overruled on other grounds, Arana v. Ochsner Health Plan, 338 F.3d 433, 440 & n.11 (5th Cir. 2003) (en banc).

Though he was given the opportunity, Orellana has not filed a reply brief addressing either this court's summary affirmance or the Government's contention that his petition for review has been rendered moot. Accordingly, these issues are deemed abandoned. See United States v. Brace, 145 F.3d 247, 255 (5th Cir. 1998)(en banc) (this court reviews only those issues presented to it; it does not craft new issues or otherwise search for them in the record); Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993)(only issues presented and argued in the brief are addressed on appeal).

Because this court summarily affirmed the BIA's decision regarding the only issue Orellana raised in his opening brief, the controversy from which the petition for review stems is no longer live. See McClelland, 155 F.3d at 514. Accordingly, Orellana's petition for review is dismissed as moot. See United States v. Clark, 193 F.3d 845, 847-48 (5th Cir. 1999) (dismissal as moot where there was no live controversy).

PETITION DISMISSED AS MOOT.