DICKINSON, Presiding Justice,
dissenting:
¶ 46. Today, a majority of this Court approves an $18,180 sanction against an attorney who did nothing more than advance a legal theory that clearly was not frivolous, and for which there existed no court order preventing him from doing so. Because this remarkable precedent should be of grave concern to every practicing lawyer in Mississippi, I wish to record my strong dissent.
*190 BACKGROUND AND PROCEEDINGS
¶ 47. Ashley Furniture Industries, Inc. (“Ashley”) is a Wisconsin corporation that has a manufacturing facility in Mississippi. For the benefit of its employees, it has a self-funded healthcare plan (the “Plan”) that is administered by Ashley Healthcare Plan. The Plan clearly is covered by ERISA[6] and includes a contractual provision that states: “The Plan is subrogated to all rights of participants and beneficiaries, including guardians, for the recovery of expenses paid by the plan on their behalf.” As a result of injuries sustained in an automobile accident, the Plan paid benefits on behalf of an Ashley employee’s minor child, who asserted a claim against the tortfeasor who caused the injuries. The Plan asserted its subrogation lien against any recovery.
¶ 48. The child’s parents, the Dillards, agreed to settle the claim with two insurance carriers, and filed a petition in the chancery court, seeking approval of the settlement and raising the issue of the Plan’s right of reimbursement. The Plan read this to be an attempt to have the chancellor declare that state law prevented the Plan from recovering what ERISA allowed it to recover.
¶ 49. Within approximately thirty days of being served with the chancery petition, the Plan’s lawyers, on behalf of their client — taking the position that ERISA preempts state law — filed a Notice of Removal to federal court, and a notice of the removal with the Chancery Court of Pon-totoc County. The Dillards responded by moving the federal court to remand the matter back to the chancery court, and requesting an award of attorney fees pursuant to 28 U.S.C. § 1447, claiming the removal was filed for the “improper purpose of avoiding or delaying the finality of the administration of the minor’s estate.”[7] Two years later, the federal district court remanded the matter but failed to award any attorney fees, and the Dillards failed to pursue a post-judgment motion for attorney fees as required by Federal Rule of Civil Procedure 54(d)(2)(A).
¶ 50. On remand, the chancellor awarded attorney fees to the Dillards in the amount of $18,180. As for his reasons, the chancellor adopted in toto “those factors set forth in the [Dillard’s motion for attorney fees] as the findings of fact by this Court.” The chancellor stated that “by the exercise of due diligence, they should have ascertained what the law was as to minor settlements and the jurisdiction of the same in this state, and that’s in the chancery court. They did not.” He further stated:
[t]he memorandum of authorities filed by Plaintiffs indisputably and succinctly demonstrated the futility of the argument espoused on behalf of Defendants that ERISA preempts a minor’s settlement filed in Chancery Court such that Defendants should have immediately drafted an agreed order remanding this case to the Ponyotoc County Chancery Court.
¶ 51. He found that the Plan’s position “directly contradicts prior established caselaw,” and that “Plaintiffs were ... provided numerous cases directly on point which irrefutably held their basis for removal to be invalid.” The chancellor’s con- *191 elusions — to the extent they suggested the existence of binding caselaw — were incorrect.
Lawyers must zealously represent their clients.
¶ 52. We admonish lawyers to zealously represent their clients, and we sanction them when they fail to follow the Mississippi Rules of Professional Conduct, one of which states:
A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and in fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law.[8]
The comment to Rule 3.1 states that lawyers have
a duty to use legal procedure for the fullest benefit of the client’s cause, but also a duty not to abuse legal procedure. The law, both procedural and substantive, establishes the limits within which an advocate may proceed. However, the law is not always clear and never is static. Accordingly, in determining the proper scope of advocacy, account must be taken of the law’s ambiguities and potential for change.
The plan’s removal to federal court was not frivolous.
¶ 53. Alleging that a lawyer’s claim is frivolous is a serious, pejorative charge that should not lightly be made. We should encourage lawyers to challenge and test the limits of the law, so long as the claim is not patently absurd, that is to say, “so clearly untenable, or the insufficiency of which is so manifest upon a bare inspection of the pleadings, that the court or judge is able to determine its character without argument or research.”[9]
¶ 54. It certainly cannot credibly be argued that a claim is frivolous merely because it has no validity under established,' binding precedent. Were that the case, we still would have segregated schools,[10] discriminatory jury selection,[11] and pro se indigent criminal defendants.[12]
ERISA preemption under the circumstances of this case has not been decided.
¶ 55. The chancellor’s decision to award attorney fees rested on three decisions of the United States District Court for the Northern District of Mississippi,[13] and two decisions of this Court,[14] which hold that ERISA does not preempt Mississippi law governing minors’ settlements, precluding removal to federal court. But contrary to the chancellor’s finding, neither federal district court decisions nor decisions from *192 this Court are binding precedent on federal questions. And there are no decisions on point from the Fifth Circuit or the United States Supreme Court. It is unacceptable to me for this Court to suggest that a lawyer should refrain from submitting an unsettled question of federal law to a federal court, simply because this Court or a federal district court previously has taken a position on the issue.
¶ 56. Further, the Plan argues that not even the Mississippi federal district courts have decided the precise question presented by the facts of this case because this case involved the factual question of whether the Dillards had asked the chancellor to declare that the Plan had no right to any proceeds of the settlement.[15] Moreover, at least one federal court of appeals and one federal district court have found complete ERISA preemption under similar circumstances.[16] So clearly, there is no established precedent on the preemption question. And even if there were, asserting a claim that is contrary to an established point of law is not ipso facto frivolous.
¶ 57. Stated another way, the fundamental flaw in both the chancellor’s decision to award attorney fees, and the majority’s decision to affirm, is that both view this case as if the Plan advanced an unreasonable argument in the face of settled law. The law is not settled. There is no established binding precedent on the preemption question. And even if there were, asserting a claim that is contrary to an established point of law is not ipso facto frivolous.
¶ 58. The majority suggests that a federal appellate court could never issue an opinion on the merits of this issue because federal law precludes any appeal of a district court’s decision to remand a case back to state court. But the majority fails to consider that when a district court exercises jurisdiction over a case, the jurisdictional question could be raised on appeal.[17] And until that happens, no binding precedent exists.
¶ 59. Further, the Plan’s preemption argument is not patently unreasonable. In Arana v. Ochsner Health Plan, the United States Court of Appeals for the Fifth Circuit held that ERISA preempted an action in “state court to obtain a declaration that he is entitled to retain tort settlement proceeds free of Ochsner Health Plan, Inc.’s claim for reimbursement of health care benefits previously paid for Arana’s account....”[18] The Plan cited this case to support removal, arguing that the Dil-lards’ petition not only asked the chancellor to approve a $75,000 settlement, but also to declare that the Plan had no right to recover any portion of the settlement as reimbursement for medical expenses it had paid.
¶ 60. Ultimately, the district judge distinguished Arana in her memorandum opinion by finding that the Dillards’ request in its pleading to prevent the Plan from recovering was not a request for a declaratory ruling on the Plan’s right to recover a portion of the settlement, and that the Dillards had merely provided the chancellor notice that the Plan may have a claim against the settlement.
¶ 61. While the district judge’s view of the meaning of the prayer for relief may or may not be correct, I must conclude *193 that the Plan’s attorneys were not unreasonable — and certainly not frivolous — in asserting that the Fifth Circuit’s decision in Arana — which was handed down after the Northern District opinions on this issue — provided support for removal. Given the lawyer’s duty zealously to advance the interests of the client, I must disagree with the majority’s view; I do not at all find unreasonable the Plan’s argument that it was defending the action for a declaratory judgment that would have affected — and ultimately did affect — its right to recover, rather than “pursuing a remedy, and thus a cause of action, that was unavailable to it under federal law.”
' ¶ 62. A careful distinction between cases and the debatable meaning of a prayer for relief in a pleading do not render the' Plan’s removal frivolous. We should not deter attorneys from advancing nonfrivolous legal arguments, however thin or doomed they may seem to some.
¶ 63. To the contrary, we should encourage lawyers to challenge the law to its very limits in zealously representing the interests of their clients.
CONCLUSION
¶ 64. Today, the majority substantially lowers the threshold for a frivolous claim, and I believe that is not a good thing for the interests of clients or for the practice of law. I fear today’s decision will serve to chill the spirit of trial lawyers whose duty to their clients often requires them zealously to advance aggressive and sometimes unpopular positions and arguments. Accordingly, and with the highest respect for the members of the majority, I dissent.
PIERCE AND COLEMAN, JJ., JOIN THIS OPINION.

. Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seg.

. This argument, itself, seems somewhat frivolous, since the Plan would have no conceivable reason to "delay” the judgment. Its purpose — which it freely admitted, and which was entirely proper — was to prevent the chancery court from deciding what it argued was a federal question that properly should be decided by a federal court.

. Miss. R. Prof’l Conduct 3.1 (emphasis added).

. Jordan v. McAdams, 85 So.3d 932, 935 (Miss.Ct.App.2012) (citing Estate of Smith v. Smith, 69 So.3d 1, 6 (Miss.2011)).

. See Brown v. Bd. of Educ. of Topeka, Shawnee Cnty., Kan., 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954).

. See Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

. See Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

. See Bauhaus USA, Inc. v. Copeland, 2001 WL 1524373 (N.D.Miss. Mar.9, 2001), affirmed, 292 F.3d 439, 442 (5th Cir.2002), overruled by ACS Recovery Servs., Inc. v. Griffin, 723 F.3d 518, 522-23 (5th Cir.2013); Estate of Ashmore v. Healthcare Recoveries, Inc., 1998 WL 211778 (N.D.Miss. Mar. 25, 1998); Clardy v. ATS, Inc. Emp. Welfare Benefit Plan, 921 F.Supp. 394 (N.D.Miss. Mar. 26, 1996).

. In re Guardianship of Holmes, 965 So.2d 662, 664 (Miss.2007); Cooper Tire & Rubber Co. v. Striplin; 652 So.2d 1102, 1104 (Miss. 1995).

. See Copeland, 2001 WL 1524373; Estate of Ashmore, 1998 WL 211778; Clardy, 921 F.Supp. 394.

. See Arana v. Ochsner Health Plan, 338 F.3d 433 (5th Cir.2003); Reinhart Cos. Emp. Benefit Plan v. Vial, 2011 WL 976505, *11 (W.D.Mich. Mar. 17, 2011).

. See Arana, 338 F.3d 433.

. Id. at 434.