IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 17-30374
Summary Calendar

———————

United States Court of Appeals
Fif h Circuit

**FILED**

December 4, 2017

Lyle W. Cayce
Clerk

KATHERYN SWENSON,

Plaintiff - Appellant

v.

UNITED OF OMAHA LIFE INSURANCE COMPANY,

Defendant - Appellee

————————————

Appeal from the United States District Court
for the Western District of Louisiana

————————————

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

GREGG COSTA, Circuit Judge:

Katheryn Swenson filed suit in Louisiana state court seeking benefits from a life insurance policy after her husband passed away. The insurance company refused to pay based on its belief that Swenson's husband was not a covered employee at the time of his death. In seeking to recover the death benefits, Swenson cited Louisiana statutes imposing certain requirements on group life policies concerning the rights of a discharged employee to convert the employer-provided policy into individual life insurance. La. R.S. 22:942(7), (10). Although Swenson alleged only state law claims, the insurer removed the matter to federal court arguing it was completely preempted by the Employee

No. 17-30374

Retirement Income Security Act of 1974 (ERISA). After the case was removed, Swenson added a claim for equitable relief under ERISA.

The district court dismissed Swenson's claims on various grounds. It held that ERISA preempted the state law claims, so it dismissed them with prejudice. Because of this finding of complete preemption, the district court construed the complaint as seeking recovery of benefits from an ERISA plan. But that claim was dismissed without prejudice for failure to exhaust administrative remedies (Swenson has since commenced the ERISA administrative process). As to the claim for equitable relief under ERISA, the court dismissed it with prejudice on the ground that equitable relief is not available when ERISA provides an adequate legal remedy such as the provision allowing judicial review of benefit denials (29 U.S.C. § 1132(a)(1)).

On appeal, Swenson challenges only the preemption ruling and denial of her claim for equitable relief. We review *de novo* these dismissals that occurred at the pleading stage. *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015).

Swenson does not dispute that the life insurance policy under which she seeks to recover is an ERISA plan. For such plans, federal law provides the sole avenue for seeking to recover benefits. This congressional intent to have ERISA completely occupy the field converts Swenson's state law claims seeking to recover policy benefits into a federal claim under section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)). *Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 (5th Cir. 2003) (en banc) (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987)).

Swenson attempts to avoid this complete preemption by invoking ERISA's savings clause, which provides that "[e]xcept as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance,

banking, or securities." 29 U.S.C. § 1144(b)(2)(A). Swenson emphasizes that the cited exception to the savings clause, *id*. § 1144(b)(2)(B), itself excludes from its carve out a "plan established primarily for the purpose of providing death benefits." This means, according to Swenson, that the Louisiana statutes she cites in seeking to recover death benefits are within the scope of the savings clause and not preempted.

The problem for Swenson is that the savings clause does not allow state law claims seeking recovery of ERISA benefits to escape preemption. *Quality Infusion Care Inc. v. Humana Health Plan of Texas Inc.*, 290 F. App'x 671, 681–82 (5th Cir. 2008) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 217–18 (2004)); *see also Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.*, 413 F.3d 897, 913–14 (8th Cir. 2005) (explaining that even a state law saved from preemption by the savings clause is itself preempted "if it provides a separate vehicle to assert a claim for benefits outside" of section 502 of ERISA). It only saves certain state laws from conflict preemption, which is a federal defense that can be asserted when a federal law conflicts with a state law. *Quality Infusion*, 290 F. App'x. at 681–82. In other words, although the savings clause preserves a role for certain state laws that regulate insurance, [1] state claims that provide a separate vehicle for seeking benefits from an ERISA plan

---

[1] *Kentucky Association of Health Plans, Inc. v. Miller*, 538 U.S. 329 (2003), provides an example of how the savings clause protects certain state laws from conflict preemption. Health maintenance organizations sought a declaratory judgment that ERISA preempted a state "Any Willing Provider" law that prohibited health insurers from excluding qualified doctors from their provider networks. The Supreme Court rejected the preemption defense because the Kentucky law regulated insurance and thus was within the scope of the savings clause. *Id*. at 334–42. *Miller* did not involve complete preemption as it was not a case brought to recover ERISA plan benefits. The same is true of other Supreme Court cases applying the savings clause. *See, e.g., Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355 (2002) (holding that savings clause allowed Illinois to enforce law requiring independent medical review of certain denials of medical benefits); *UNUM Life Insur. Co. v. Ward*, 526 U.S. 358 (1999) (holding that savings clause allowed California to enforce a law limiting the defense that an insured provided untimely notice of a claim to situations when the insurer could show that the delay resulted in prejudice).

No. 17-30374

remain preempted as such claims must be brought under ERISA's civil enforcement provision (section 502). Otherwise the exclusivity and uniformity of that federal remedy would be undermined. *Davila*, 542 U.S. at 217–18 ("ERISA § 514(b)(2)(A) must be interpreted in light of the congressional intent to create an exclusive federal remedy in ERISA § 502(a)."). That is not to say that, when challenging the lawfulness of the denial of ERISA benefits, a beneficiary cannot argue that the administrator failed to comply with applicable laws including any state laws that retain force because of the savings clause. But that must be done in the context of ERISA's civil enforcement provision, a claim that was not ripe when Swenson filed this suit because she had not engaged in the administrative review process. Because Swenson's claim for benefits must be brought under federal law, the district court correctly dismissed her state law claims seeking the same relief.

The availability of that statutory remedy under section 502 of ERISA also defeats Swenson's claim for equitable relief under federal law. Equitable relief under ERISA is normally unavailable "where Congress elsewhere provided adequate relief for a beneficiary's injury." *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996). Because ERISA's civil enforcement provision provides a direct mechanism to address the injury for which Swenson seeks equitable relief, she cannot assert a separate ERISA claim for breach of fiduciary duty. *Tolson v. Avondale Indus.*, Inc., 141 F.3d 604, 610 (5th Cir. 1998).

The judgment of the district court is AFFIRMED.