# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2020

Lyle W. Cayce
Clerk

No. 19-30734

SHARON KIM BEAZLEY, individually & on behalf of minor child, LMB; LILLIAN MARIE BEAZLEY, JORDON KALE BEAZLEY; JAKE LYNFIELD BEAZLEY,

> Plaintiffs - Appellants

v.

METROPOLITAN LIFE INSURANCE COMPANY; SCHLUMBERGER TECHNOLOGY CORPORATION,

> Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:16-CV-1188

Before STEWART, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiffs, survivors of decedent Greg Lynfield Beazley (Mr. Beazley), brought suit against Defendants, Metropolitan Life Insurance Company ("MetLife") and Schlumberger Technology Corporation ("STC"), alleging that Defendants unlawfully denied a claim for life insurance benefits due under

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30734

policies Mr. Beazley had purchased while an employee of STC. The policies were issued by MetLife as part of an employee welfare plan ("Plan") STC had established, and the Plan is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* In a thorough opinion, the district court determined that MetLife, the insurer and claims administrator for the Plan, did not abuse its discretion in denying Plaintiffs' claim. *Beazley v. Metro. Life Ins. Co.*, 413 F. Supp. 3d 535, 538 (W.D. La. 2019). We affirm.[1]

## I.

We review the district court's decision de novo, "applying the same standards as the district court" in this ERISA case. *Schexnayder v. Hartford Life & Acc. Ins. Co.*, 600 F.3d 465, 468 (5th Cir. 2010); *see Swenson v. United of Omaha Life Ins. Co.*, 876 F.3d 809, 810 (5th Cir. 2017). "Because the Plan gave [MetLife] discretionary authority to determine eligibility for benefits as well as to construe the Plan's terms, we review [MetLife]'s denial of benefits for an abuse of discretion." *Schexnayder*, 600 F.3d at 468.

## II.

On appeal, Plaintiffs first contend that MetLife had an inherent conflict of interest as both the Plan's insurer and claims administrator. It is true that the Supreme Court has stated that a conflict of interest exists where, as here, the plan administrator both evaluates and pays claims. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 114 (2008). However, the Court has also explained that this conflict does not per se change the standard of review from "deferential to de novo." *Id.* Rather, the "conflict should be weighed as a factor in determining

---

[1] In the district court, defendants named Jared Beazley, a biological child of Mr. Beazley, as a defendant in interpleader. Because of the district court's conclusion that MetLife did not abuse its discretion in denying plaintiffs' benefits claim, the district court did not determine whether Jared Beazley would have been a proper beneficiary under the benefits policies at issue, and Jared Beazley did not participate in this appeal.

No. 19-30734

whether there is an abuse of discretion." *Id.* at 115 (internal quotation marks and citation omitted). "A reviewing court may give more weight to a conflict of interest, where the circumstances surrounding the plan administrator's decision suggest 'procedural unreasonableness.'" *Schexnayder*, 600 F.3d 465, 469 (5th Cir. 2010) (quoting *Glenn,* 554 U.S. at 118).

In *Schexnayder v. Hartford Life & Acc. Ins. Co.*, the district court found such procedural unreasonableness, and, ultimately, an abuse of discretion by the plan administrator; we affirmed. *Id.* at 467, 471. There, the plaintiff had been covered by an employer-sponsored disability insurance plan that was administered and insured by Hartford Life Group Insurance Co. ("Hartford"). *Id.* at 467. Based on recurrent pain in the plaintiff's back and extremities, the Social Security Administration ("SSA") determined that he was "totally disabled," thereby authorizing him to receive SSA disability payments. *Id.* at 467-68. Despite this determination, Hartford, which had been making disability payments to the plaintiff, re-evaluated him and concluded he did not "remain disabled from any occupation" and thus terminated its benefits payments. *Id.* Plaintiff sued, and we affirmed the district court's determination that Hartford abused its discretion in terminating his disability benefits. *Id.* Our ruling was based on the fact that "Hartford did not address the SSA award" in its decision to deny benefits. *Id.* at 471. Its failure to even "acknowledge an agency determination that was in direct conflict with its own determination" showed that "the method by which it made the decision [to terminate benefits] was unreasonable." *Id.*

Here, by contrast, Plaintiffs merely make the conclusory argument that "MetLife's method in making its benefits decision . . . was unreasonable." They entirely fail to identify how or why MetLife's decision-making was unreasonable, other than the fact that MetLife has a conflict of interest. But

3

without showing how "that conflict is . . . a significant factor in this case," we cannot conclude that MetLife abused its discretion. *Holland v. Int'l Paper Co. Ret. Plan*, 576 F.3d 250 (5th Cir. 2009); *see Glenn*, 554 U.S. at 114.

Plaintiffs next argue that the district court erred because MetLife supposedly delayed mailing a notice to Mr. Beazley of his option to convert or port his policies following his termination from STC and thus the termination of his policies. Plaintiffs contend that it "seems unfair" for MetLife to "avoid responsibility" for sending this notice to Mr. Beazley twenty-three days after STC terminated him. However, they identify neither caselaw nor any statutory, regulatory, or Plan provision imposing a duty on MetLife to provide notice to Mr. Beazley of his option to convert or port his policies beyond that already contained in the Plan. Because Plaintiffs fail to identify such a duty, they do not demonstrate that MetLife abused its discretion by mailing notice of the right to convert or port in a dilatory manner.

Plaintiffs further contend that the Plan does not address the consequences of an insured dying within the time period in which coverage can be ported.[2] However, the Plan's terms are clear. Under the Plan, since MetLife sent written notice to Mr. Beazley of his option to port "more than 15 days after but within 91 days" of the end of his insurance, Mr. Beazley had 45 days from the termination of his employment to request, in writing, to port. And it is undisputed that Mr. Beazley did not request to port his coverage during the 37 days from when his life insurance ended on May 6, 2014 until his death on June 12, 2014.

---

[2] Mr. Beazley had both basic and supplemental life insurance. Per the Plan, only the supplemental life insurance policy was eligible for porting.

No. 19-30734

The Plan also expressly provides that if (1) an insured dies "within 31 days" of when his life insurance ends and (2) MetLife has "not received" an application to port, the insured's beneficiaries may still receive payment under the policy, provided MetLife receives a benefits claim accompanied by a proof of death. However, Mr. Beazley died after the lapse of this 31-day period, and thus Plaintiffs cannot avail themselves of this provision.

Plaintiffs final argument is that MetLife acted unreasonably by not immediately providing Donna Latiolais, a Beazley family friend, with information on porting coverage when, at the request of Mr. Beazley's widow, Latiolais contacted the company to inquire about Mr. Beazley's coverage. But Plaintiffs do not cite any legal duty MetLife had to provide Latiolais with information on porting coverage. Plaintiffs also provide no support for their contention that MetLife abused its discretion by not allowing Mr. Beazley's beneficiaries to port his insurance coverage. Accordingly, Plaintiffs have not shown that MetLife abused its discretion in denying their claims.

\* \* \*

For these reasons, the judgment of the district court is AFFIRMED.